# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

JOSEPH BRUMBY, JR.,     )
    )
    Plaintiff, pro se,     )
    )     **MEMORANDUM OPINION**
    v.     )     **AND RECOMMENDATION**
    )
DEUTSCHE BANK NATIONAL     )     1:09CV144
TRUST COMPANY, SUBSTITUTE     )
TRUSTEE SERVICES, INC.,     )
    )
    Defendants.     )

        This matter is before the court on motions to dismiss by Defendants Deutsche Bank National Trust Company ("Deutsche Bank") and Substitute Trustee Services, Inc. ("STS") (docket nos. 11, 12, 13, 20). Also pending before the court is a motion by Plaintiff to "enjoin the state court proceedings" (docket no. 6); a motion by Defendant Deutsche Bank to strike Plaintiff's first request for production of documents, admissions, and set of written interrogatories (docket no. 39); and Plaintiff's motion for entry of default as to Defendant Deutsche Bank (docket no. 16). The parties have responded to the respective motions, and, in this posture, the matter is ripe for disposition. Furthermore, the parties have not consented to the jurisdiction of the magistrate judge. Therefore, all dispositive motions must be addressed by recommendation. For the following reasons, it will be recommended that the court grant Defendants' motions to dismiss and deny Plaintiff's motion to enjoin the state court proceedings. To the extent that the court grants Defendants'

motions to dismiss and denies Plaintiff's motion to enjoin the state court proceedings, all other pending motions will be rendered moot.

## FACTS AND BACKGROUND

Plaintiff obtained a mortgage loan for $105,350 for his residence in McLeansville, North Carolina, on or about May 18, 2006. The loan was evidenced by a promissory note ("the Note") and secured by a deed of trust, recorded in book 6534, page 1106, of the Guilford County Registry. The deed of trust claimed a security interest in Plaintiff's residence at 4826 Kingwell Drive, McLeansville, NC 27301.

Plaintiff failed to make payments when payments were due under the terms of the Note as of March 1, 2008. Defendant STS, in its capacity as Substitute Trustee for the deed of trust on Plaintiff's residence, thereafter commenced a foreclosure action against Plaintiff before the Clerk of Superior Court of Guilford County by means of a special proceeding bearing file number 08 SP 4007 ("the Foreclosure"). On February 25, 2009, the Clerk of Superior Court of Guilford County entered an order allowing a foreclosure sale to proceed pursuant to N.C. GEN. STAT. § 45-21.16. In the order allowing foreclosure, the state court found that Defendant Deutsche Bank was the holder of the Note and deed of trust.[1]

---

[1] As will be discussed, *infra*, Plaintiff denies that Deutsche Bank is the holder of the Note and deed of trust at issue in the foreclosure.

<u>Plaintiff's Two State Court Lawsuits</u>

On March 24, 2008, after the foreclosure action had been commenced, Plaintiff filed two lawsuits in Guilford County District Court related to the foreclosure proceedings. (*See* Exs. E, F, G & H to Def. STS's Brief, docket no. 14.) Plaintiff filed the first action against America's Servicing Company, the servicer of the Note on behalf of Deutsche Bank. Plaintiff alleged in the state court complaint against America's Servicing Company that it had reported incorrect information to credit agencies. Plaintiff also alleged that America's Servicing Company had violated the federal Fair Debt Collection Practices Act. Plaintiff sought to have the state court enter an order requiring America's Servicing Company to cease collection of the purported debt on the Note. Plaintiff's second state court complaint named the original payee of the Note, First Franklin Loan Services, as Defendant, and alleged that the Note was unenforceable and that First Franklin was illegally attempting to collect on the Note.[2] The lawsuit against First Franklin Loan Services essentially mirrored the lawsuit against America's Servicing Company. Both of the state court complaints were dismissed with prejudice for failure to state a claim.

<u>This Lawsuit Filed by Plaintiff in This Court</u>

On February 25, 2009, the same day that the state court ordered foreclosure and sale of Plaintiff's residence in the state court action, Plaintiff filed this action,

---

[2] The Affidavit of Default states that Defendant Deutsche Bank, as Trustee for First Franklin Loan Services, is the holder of the Note and Indebtedness. (*See* Ex. C to Def. STS's Brief, docket no. 14.)

naming Deutsche Bank and STS as Defendants. Plaintiff seeks to recover damages related to the state court foreclosure and for an order by this court enjoining the foreclosure sale. On March 31, 2009, Plaintiff filed a First Amended Complaint and a "Motion to Enjoin State Court Proceeding."[3] The First Amended Complaint alleges claims against Defendants for violations of the Fair Debt Collection Practices Act ("FDCPA") (15 U.S.C. § 1692 et seq.); the Fair Credit Reporting Act ("FCRA") (15 U.S.C. § 1681 et seq.); the Racketeer Influenced and Corrupt Organizations Act ("RICO") (18 U.S.C. § 1951 et seq.); and the North Carolina Unfair and Deceptive Trade Practices Act (N.C. GEN. STAT. § 75-1.1 et seq.).

Defendants Deutsche Bank and STS have filed separate motions to dismiss. Both Defendants contend that dismissal is appropriate because this court lacks subject matter jurisdiction based on the *Rooker-Feldman* doctrine. Defendants further contend that dismissal is appropriate based on the alternative grounds of lack of personal jurisdiction, insufficient service of process, and failure to state a claim.

**DISCUSSION**

I will first consider Defendants' Rule 12(b)(1) motions to dismiss based on lack of subject matter jurisdiction under the *Rooker-Feldman* doctrine. The burden of proving subject matter jurisdiction on a motion to dismiss is on the plaintiff. *Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir. 1982). In determining whether jurisdiction

---

[3] Plaintiff purportedly filed the motion to enjoin pursuant to 28 U.S.C. § 2283. The pending motion to enjoin was described incorrectly as a "motion for joinder" in the clerk's referral to this court dated September 29, 2009.

exists, the district court must regard the pleadings as mere evidence on the issue, and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment. *Richmond, Fredericksburg & Potomac R.R. v. United States*, 945 F.2d 765, 768 (4th Cir. 1991). The district court should apply the standard applicable to a motion for summary judgment, under which the nonmoving party must set forth specific facts beyond the pleadings to show that a genuine issue of material fact exists. *Id.* A court should grant the Rule 12(b)(1) motion to dismiss if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law. *Id.*

Whether Plaintiff's Claims Are Barred by the *Rooker-Feldman* Doctrine

I first consider Defendants' contention that Plaintiff's claims are barred by the *Rooker-Feldman* doctrine. The *Rooker-Feldman* doctrine generally prohibits lower federal courts from reviewing state court decisions; "rather, jurisdiction to review such decisions lies exclusively with superior state courts and, ultimately, the United States Supreme Court."[4] *Plyler v. Moore*, 129 F.3d 728, 731 (4th Cir. 1997); *see also Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005) (clarifying that the *Rooker-Feldman* doctrine bars a federal court from asserting jurisdiction in only the following types of cases: "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court

---

[4] The *Rooker-Feldman* doctrine is derived from the United States Supreme Court's decisions in *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983), and *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923).

proceedings commenced and inviting district court review and rejection of those judgments"). The *Rooker-Feldman* bar extends not only to issues actually presented to and decided by a state court, but also to issues that are "inextricably intertwined" with questions ruled on by a state court. *Plyler*, 129 F.3d at 731. A federal claim is "inextricably intertwined" with a state court decision where, "in order to grant the federal plaintiff the relief sought, the federal court must determine that the [state] court judgment was erroneously entered or must take action that would render the judgment ineffectual." *Jordahl v. Democratic Party of Va.*, 122 F.3d 192, 202 (4th Cir. 1997). *Rooker-Feldman*, therefore, applies when the federal action "essentially amounts to nothing more than an attempt to seek review of [the state court's] decision by a lower federal court." *Plyler*, 129 F.3d at 733; *see also Brown & Root, Inc. v. Breckenridge*, 211 F.3d 194, 201 (4th Cir. 2000).

Here, Defendants contend that Plaintiff's complaint is an attempt to re-litigate issues that have already been judicially determined in the prior state court foreclosure proceedings or that are inextricably intertwined with the state court foreclosure proceedings and should therefore be dismissed under the *Rooker-Feldman* doctrine. For the following reasons, I agree.

The State Court Foreclosure Proceedings

The North Carolina General Statues set forth the procedure for Clerks of Court to determine the validity of a debt subject to foreclosure and specifically provide that "the act of the clerk in so finding or refusing to find is a judicial act and may be

appealed to the judge of the district or superior court having jurisdiction at any time within 10 days after said act." N.C. GEN. STAT. § 45-21.16(d1). On February 25, 2009, the Clerk of Superior Court of Guilford County made the determination that Deutsche Bank is the owner and holder of the Note and deed of trust at issue here, based on proof submitted by means of an affidavit in that proceeding. More specifically, the Clerk entered an Order finding that: (1) the Note constituted a valid debt; (2) the Note was in default; (3) Deutsche Bank, as Trustee for First Franklin Mortgage Loan Trust 2006-FF11, was the holder of the Note entitled to enforce the same; (4) the deed of trust gave Deutsche Bank the right to foreclose; and (5) Plaintiff had shown no valid legal reason why the foreclosure should not proceed. (*See* Exs. C & D to Def. STS's Brief, docket no. 35.) Thus, the issue of whether Deutsche Bank is the holder of the Note and deed of trust at issue was judicially established pursuant to N.C. GEN. STAT. § 45-21.16.

Plaintiff's Allegations in This Lawsuit

In the First Amended Complaint, Plaintiff alleges that sometime after he purchased his residence in 2006, he began to receive communications from Defendant Deutsche Bank regarding an alleged indebtedness on his residence. (First Am. Compl., ¶ 1, docket no. 5.) Plaintiff alleges that Deutsche Bank refused to respond to Plaintiff's requests to verify the debt, commenced foreclosure proceedings on Plaintiff's residence, and continued to report a negative payment history to the three main credit bureaus. (*Id.* ¶¶ 8-10.) Plaintiff alleges that

Deutsche Bank has failed to provide proof that it is the proper holder of the Note and deed of trust at issue in the foreclosure and that it misrepresented the legal status of the debt when it sought foreclosure in the state court proceedings. (*See id.* ¶¶ 24-30.) Based on these alleged facts, Plaintiff purports to bring claims against Defendants for violations of the FDCPA, the FCRA, "Extortion" under RICO, and violations of North Carolina's unfair and deceptive trade practices statute.

More specifically, in support of the FDCPA and FCRA claims, Plaintiff alleges that Defendants refused to respond to Plaintiff's requests for verification of his debt and that they further tainted Plaintiff's credit score by reporting Plaintiff's default to various credit agencies. In support of the RICO extortion claim, Plaintiff alleges that Defendant Deutsche Bank has sought to collect money from Plaintiff when Plaintiff is under no contractual obligation to pay Deutsche Bank anything, and that Defendant Deutsche Bank has sought to obtain property from Plaintiff without Plaintiff's consent or under color of official right. In support of the unfair and deceptive trade practices claim, Plaintiff alleges that Defendants committed unfair and deceptive trade practices by initiating a foreclosure action while knowing that they could not produce the Note showing that Deutsche Bank was the holder of the Note. Finally, Plaintiff's claims against STS are entirely derivative of Plaintiff's allegations that Deutsche Bank was not the holder of the Note. That is, Plaintiff alleges that STS wrongfully foreclosed the deed of trust on behalf of Deutsche Bank,

despite that Deutsche Bank failed to supply Plaintiff with information establishing validity of the debt.

In his prayer for relief, Plaintiff asks for money damages as well as an order from the court enjoining the foreclosure of Plaintiff's residence, an order requiring the cancellation of all liens on Plaintiff's residence, and an order requiring Defendants to remove all references to the mortgage from Plaintiff's credit report. Furthermore, as noted, the same day that he filed the First Amended Complaint, Plaintiff filed a "motion to enjoin state court proceeding." (*See* Pl.'s Motion to Enjoin State Court Proceeding, ¶ 1, docket no. 6.) In the motion, Plaintiff states that he has filed the current action "to address important federal claims raised in defense of a foreclosure action that has been filed in state court" and that the state court foreclosure action cannot fully address the validity of Plaintiff's debt on his residence.

Here, through filing the First Amended Complaint and the accompanying motion to enjoin the state court proceedings, Plaintiff is clearly attempting to attack the validity of the state court foreclosure proceedings, particularly the judicial findings of the Clerk that Defendant Deutsche Bank was the holder of the Note with the right to bring the foreclosure action. That is, Plaintiff's lawsuit filed in this court is clearly an attempt to invalidate the judicial finding by the state court that (1) the Note constituted a valid debt; (2) the Note was in default; (3) Deutsche Bank was the holder of the Note entitled to enforce the same; (4) the Deed of Trust gave Deutsche Bank the right to foreclose; and (5) Plaintiff had shown no valid legal reason why the

foreclosure should not proceed.  Thus, Plaintiff's claims here are barred by *Rooker-Feldman*.[5]

Moreover, to the extent that Plaintiff contends that he did not raise certain claims against Deutsche Bank in the state court proceedings, such as the FDCPA claim, this fact does not preclude the application of *Rooker-Feldman*, as the remedies sought by Plaintiff would clearly require this court to invalidate the judicial findings made in the state court foreclosure action.  *Accord Givens v. Homecomings Fin.*, 278 Fed. Appx. 607, at *2 (6th Cir. 2008) (unpublished) (where a mortgagor brought a FDCPA claim against a mortgagee after a state court granted the mortgagee possession of the residence due to the mortgagor's default, upholding the trial court's ruling that it lacked jurisdiction under the *Rooker-Feldman* doctrine, since the FDCPA action was effectively an attempt to appeal the state court order); *Kafele v. Lerner, Sampson & Rothfuss, L.P.A.*, 161 Fed. Appx. 487, at *2 (6th Cir. 2005) (unpublished) (upholding the trial court's ruling that it lacked jurisdiction under the *Rooker-Feldman*

---

[5] Defendants contend that Plaintiff's claims are also barred under the *Rooker-Feldman* doctrine as a result of the dismissal with prejudice of Plaintiff's two state court lawsuits against America's Servicing Company (the servicer of the Note on behalf of Defendant Deutsche Bank) and First Franklin Loan Services (the original payee of the Note).  Defendants contend that the allegations in the two state court lawsuits–that the Defendants there failed to respond to Plaintiff's requests to verify his debt and therefore violated the FDCPA–are essentially the same claims raised by Plaintiff's First Amended Complaint against Defendant Deutsche Bank in this case. Defendants contend that Plaintiff is, therefore, precluded by *Rooker-Feldman* from attempting to re-litigate these issues in federal court.  Regardless of the impact of the two state court complaints and their subsequent dismissals, *Rooker-Feldman* bars this court's adjudication of Plaintiff's claims here because Plaintiff's claims here are "inextricably intertwined" with the state court foreclosure ruling.

doctrine, stating "[t]hat the plaintiffs' [fair debt collection practices and other] claims are indeed 'inextricably intertwined' is evident from the fact that there is simply no way for this or any other court to grant relief without disturbing the judgments of foreclosure entered by the state court"); *Done v. Wells Fargo Bank, N.A.*, No. 08-cv-3040 (JFB) (ETB), 2009 WL 2959619, at *3-5 (E.D.N.Y. Sept. 14, 2009) (stating that the plaintiff's federal lawsuit, in which the plaintiff was complaining of the injury from losing his home after a state foreclosure proceeding, was "squarely foreclosed by the *Rooker-Feldman* doctrine," and was alternatively barred by claim preclusion and collateral estoppel); *Burlinson v. Wells Fargo Bank, N.A.*, Civil No. 08-cv-01274-REB-MEH, 2009 WL 646330, at *6 (D. Colo. Mar. 9, 2009) (stating that "any claim that Defendants violated the FDCPA by foreclosing on a property in which they had no legal interest is barred by *Rooker-Feldman*").

Finally, I note that Plaintiff's reliance on the Fourth Circuit's unpublished opinion in *Kimble v. Greenpoint Mortgage* is misplaced. 128 Fed. Appx. 984 (4th Cir. 2005) (unpublished). In *Kimble*, the Fourth Circuit held that *Rooker-Feldman* did not preclude federal subject matter jurisdiction because state court foreclosure proceedings were still pending when the plaintiff mortgagor filed a federal lawsuit against the mortgagee and others. *See id.* at 986 (citing *Exxon Mobil Corp.*, 544 U.S. at 284). By contrast, when Plaintiff here filed the First Amended Complaint and the accompanying motion to enjoin the state court foreclosure action, the state court had

already entered the foreclosure order, and Plaintiff's lawsuit here is clearly an attempt to invalidate that order.

In any event, even if Plaintiff were not precluded under the *Rooker-Feldman* doctrine, the doctrine of res judicata, or claim preclusion, would nevertheless bar Plaintiff from bringing his claims here. *See* 28 U.S.C. § 1738. Under 28 U.S.C. § 1738, known as the Full Faith and Credit Statute, federal courts must give the same preclusive effect to a state court judgment as another court of that state would give. Under North Carolina law "a final judgment on the merits prevents relitigation of issues actually litigated and necessary to the outcome of the prior action in a later suit involving a different cause of action between the parties or their privies." *Thomas M. McInnis & Assocs., Inc. v. Hall*, 318 N.C. 421, 428, 349 S.E.2d 552, 557 (1986). Under claim preclusion, parties are barred "from retrying fully litigated issues that were decided in any prior determination, even where the claims asserted are not the same." *McCallum v. N.C. Coop. Extension Serv.*, 142 N.C. App. 48, 51, 542 S.E.2d 227, 231 (2001). A party may not avoid the application of claim preclusion merely by "shifting legal theories or asserting a new or different ground for relief." *Nw. Fin. Group v. County of Gaston*, 110 N.C. App. 531, 538, 430 S.E.2d 689, 694 (1993).

The state court judgment to which Defendants would have this court give preclusive effect is the foreclosure proceeding in Guilford County. As discussed, *supra*, the state court foreclosure order expressly found that Deutsche Bank was the holder of the Note and that Plaintiff had shown no valid legal reason why the

foreclosure should not proceed. Here, Plaintiff is challenging the right of Deutsche Bank to foreclose on Plaintiff's residence on the basis that Deutsche Bank could not produce the Note and also on Deutsche Bank's alleged refusal to respond to Plaintiff's requests for verification of his debt on the Note. By Plaintiff's own admission, however, the issue of whether the Note was lost was raised in the state court foreclosure proceedings, and the clerk nonetheless found that Deutsche Bank was the legal holder of the Note and that Plaintiff was in default. (*See* Pl.'s Response Br., p. 4, docket no. 27.) Therefore, the issues Plaintiff attempts to raise here, as well as the legal remedies sought, are the same as those already decided in the state court foreclosure proceeding.

Moreover, to the extent that Plaintiff failed to raise any issues in the state court proceeding that he attempts to raise in this lawsuit, a North Carolina state court would find that Plaintiff waived the right to raise those issues. Chapter 45 of the North Carolina General Statutes provides for an appeal of an order allowing a foreclosure sale. *See* N.C. GEN. STAT. § 45-21.16(d1). The appeal must be taken within ten days of the Clerk's order allowing foreclosure, and the appeal must be filed in the Superior Court Division of the county where the foreclosure is occurring. *See id.* The North Carolina General Statutes also provide a means for seeking an injunction of foreclosure proceedings where equitable grounds exist to stop a foreclosure. *Id.* § 45-21.34. The injunction may be granted by a judge of the Superior Court Division

upon any "legal or equitable ground which the court may deem sufficient," but any such injunction must be sought before the rights of the parties become "fixed." *Id.*

Here, Plaintiff neither appealed the state court foreclosure ruling under N.C. GEN. STAT. § 45-21.16(d1), nor did he seek an injunction pursuant to N.C. GEN. STAT. § 45-21.34. Plaintiff therefore waived his right in the state courts to contest the issues adjudicated by the Clerk in the state court foreclosure proceedings, including proof of ownership of the Note and deed of trust under N.C. GEN. STAT. § 45-21.16(d). In other words, if Plaintiff had brought his present claims in state court, the state court would give preclusive effect to the judicial findings in the state foreclosure proceeding, and Plaintiff may not use this forum to achieve the results he could not obtain in state court.

In sum, Plaintiff's claims should be dismissed as barred under the *Rooker-Feldman* doctrine or, alternatively, under the doctrine of collateral estoppel. Because the claims should be dismissed on this basis alone, there is no need for the court to address Defendants' alternative arguments for dismissal based on insufficient service of process.

**CONCLUSION**

For the reasons stated herein, I **RECOMMEND** that the court **GRANT** Defendants' motions to dismiss (docket nos. 11, 12, 13, 20) for lack of subject matter jurisdiction as barred by the *Rooker-Feldman* doctrine. I further **RECOMMEND** that the court **DENY** Plaintiff's motion to enjoin the state court proceedings (docket no. 6).

If the court adopts the recommendation of dismissal, Defendant Deutsche Bank's motion to strike Plaintiff's first request for production of documents, admissions, and written interrogatories (docket no. 39) and Plaintiff's motion for entry of default as to Defendant Deutsche Bank (docket no. 16) will be rendered moot.

WALLACE W. DIXON
United States Magistrate Judge

Durham, NC
February 17, 2010